UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                                                      No. 00-4277

RALPH LEON TERRY,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Cameron McGowan Currie, District Judge.
(CR-98-1118)

Submitted: April 27, 2001

Decided: July 31, 2001

Before WIDENER, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Kenneth M. Mathews, Columbia, South Carolina, for Appellant. Scott N. Schools, United States Attorney, Stacey D. Haynes, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Following a jury trial, Ralph Leon Terry was convicted on one count of conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999), and one count of possession with intent to distribute and distribution of cocaine, in violation of 21 U.S.C.A. § 841(a)(1). The district court sentenced Terry to concurrent ninety-seven-month prison terms on each count. Terry filed a timely appeal, claiming that the district court erred by failing to dismiss the indictment and by denying his motion for a mistrial. We find no merit in his claims; consequently, we affirm.

I.

Terry argues that the trial court erred by failing to dismiss the indictment for governmental misconduct after the Federal Bureau of Investigation ("FBI") seized and reviewed his papers while he was awaiting a pretrial conference at the federal courthouse. To prevail on a claim of governmental misconduct and obtain the extreme remedy of dismissal of his indictment, a defendant must show: (1) the government's conduct was improper; and (2) the conduct prejudicially affected his substantial rights so as to deprive him of a fair trial. *See United States v. Golding*, 168 F.3d 700, 702 (4th Cir. 1999) (discussing prosecutorial misconduct); *United States v. Derrick*, 163 F.3d 799, 806 (4th Cir. 1998) (same).

Assuming without deciding that the seizure was improper, we find that Terry cannot show that he was deprived of a fair trial. An FBI agent who was not involved in the drug trafficking prosecution seized the documents because they were believed to include an affidavit relevant to an ongoing murder-for-hire investigation. The agent reviewed the documents specifically to look for the affidavit and the rest of the documents were returned to Terry. Although papers relating to the drug trafficking case were initially seized with the affidavit, Terry presented no evidence, and in fact does not argue on appeal, that anyone involved in the drug trafficking investigation or prosecution ever saw the documents or learned about their contents. We find that the

district court did not commit clear error by denying Terry's motion to dismiss the indictment. *United States v. Ellis*, 121 F.3d 908, 927 (4th Cir. 1997).

## II.

Next, Terry argues that the district court erred by refusing to declare a mistrial when a government witness, Terry A. Davis, remarked during cross-examination that Terry liked to talk about killing people, despite the court's earlier admonition to Davis not to comment about Terry's threat to kill his co-defendant. This court reviews for abuse of discretion a district court's decision to grant or deny a request for a mistrial. *United States v. Guay*, 108 F.3d 545, 552 (4th Cir. 1997). In order for a court's denial of a motion for a mistrial to amount to abuse of discretion, the defendant must show prejudice. *United States v. West*, 877 F.2d 281, 287-88 (4th Cir. 1985).

During voir dire, Davis mentioned Terry's threats against Jensen and an investigator involved in his case. The judge, in stating that he would allow most of Davis' testimony, told Davis not to testify about Terry's threat against Jensen. Davis complied with the court's directive, but when he remarked that he was afraid of Terry and defense counsel asked him if Terry was a "big talker," Davis answered in the affirmative and elaborated by saying that Terry enjoyed talking about killing people. The court struck the remark from the record and instructed the jury that it could not consider that comment in deciding the case.

As the district court correctly noted, Davis did not violate the court's instruction not to discuss Terry's threat to kill his co-defendant. Moreover, Davis made his comment about Terry enjoying discussing killing people only in response to defense counsel's cross-examination. In light of the judge's curative instruction, which the jury is presumed to have followed, *Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987), the isolated nature of the statement, and the significant evidence of guilt, we find that Terry failed to show prejudice and consequently cannot show that the district court abused its discretion by denying a mistrial.

## III.

For these reasons, we affirm Terry's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*